**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Bruce L. Shaffer, SBN 062730
   E-Mail: shaffer@lbbslaw.com
2850 Gateway Oaks Drive, Suite 450
Sacramento, California 95833
Telephone: (916) 564-5400
Facsimile: (916) 564-5444

**GRAY PLANT MOOTY MOOTY & BENNETT, P.A.**
Norman M. Abramson (*Pro Hac Vice*)
   E-Mail: norman.abramsom@gpmlaw.com
Jeremy L. Johnson (*Pro Hac Vice*)
500 IDS Center
80 South 9th Street
Minneapolis, Minnesota 55402
Telephone: (612) 632-3000
Facsimile: (612) 632-4000

Attorneys for Defendant SKY MEDIA, LLC
dba HISTORIC SALES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| DIGITAL SOFTWARE SERVICES, INC.<br><br>Plaintiff(s),<br><br>vs.<br><br>ENTERTAINMENT PROGRAMS, INC.; JOSEPH A PERSHES; KOCH ENTERTAINMENT DISTRIBUTION, LLC; INGRAM ENTERTAINMENT, INC.; C.D. VIDEO MANUFACTURING, INC.; L&M OPTICAL DISC WEST, LLC; SKY MEDIA, LLC, dba HISTORIC SALES,<br><br>Defendant(s). | Case No.: 2:09-cv-02763-MCE-DAD<br><br>*[Assigned to the Honorable Morris C. Englund for all purposes]*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SKY MEDIA, LLC dba HISTORIC SALES' MOTION TO DISMISS [FRCP 12(b)(6)]**<br><br>Date:  February 12, 2010<br>Time:  2:00 p.m.<br>Courtroom:  7 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### INTRODUCTION

Plaintiff's accusation that Historic Sales, a small distributor and retailer of enthusiasts' products, was involved in a purported conspiracy to manufacture and distribute counterfeit Roaring Glory videos is legally and factually insupportable. Plaintiff's First Amended Complaint fails to

plead any substantive facts establishing a plausible basis for any of its claims against Historic Sales and instead relies on naked, conclusory allegations where concrete factual allegations are required. The court need not and must not accept as true Plaintiff's conclusory allegations, unwarranted deductions of fact, or unreasonable inferences.

Plaintiff's allegations arise out of a failed manufacturer-distributor relationship between itself and defendants Entertainment Programs, Inc. ("EPI") and Joseph A. Pershes ("Pershes"). Specifically, Plaintiff alleges that after it terminated its exclusive distribution agreement with EPI and Pershes, EPI and Pershes continued to make and sell unauthorized, counterfeit copies of the warplane videos. Plaintiff further alleges that EPI and Pershes joined forces with other DVD replicators, including those named as Defendants herein, in furtherance of its unlawful scheme.

Plaintiff does not and cannot credibly allege that Historic Sales replicated any of Plaintiff's videos or participated in an enterprise or conspiracy to do so. Further, Plaintiff does not and cannot allege that its claims are based on Historic Sales' purchases of Plaintiff's video from any of the other defendants. In fact, Plaintiff is well aware that Historic Sales obtained Plaintiff's videos from a Texas-based DVD liquidator and not any of the other defendants named in the First Amended Complaint. Plaintiff has not named that liquidator as a defendant and not offered any factual allegations that Historic Sales knew or had reason to know that any of the purchased videos were purportedly counterfeit.

Nevertheless, instead of restricting its claims to the parties responsible for any supposed wrong-doing, Plaintiff filed suit against retailers that it obtained Plaintiff's videos from a source other than Plaintiff. Historic Sales has been improperly ensnared in Plaintiff's overly-inclusive and potentially burdensome lawsuit and Plaintiff's claims against Historic Sales for copyright infringement, trademark infringement, trafficking in counterfeit labels, civil RICO, and conspiracy to violate RICO, which rest on mere conclusory allegations, must be dismissed.

## II

## ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

In 2002, Program Power Entertainment, Inc. ("Program Power") obtained exclusive control over all of the rights (including copyrights) in a series of classic war plane videos entitled "Roaring

1  Glory" videos. (First Amended Complaint at ¶ 11). In late 2003, Program Power assigned the
2  copyrights and trademark rights associated with the Roaring Glory videos to Plaintiff Digital
3  Software Services, Inc. ("Plaintiff") (*Id.* at ¶ 12). In 2002, and before the aforementioned
4  assignment, Program Power entered into a distribution agreement with Entertainment Programs,
5  Inc. ("EPI"). [1]/ (*Id.* at ¶ 15).

Pursuant to the distribution agreement, EPI became Program Power's exclusive distributor in the United States and Canada for the Roaring Glory videos. (*Id.*) The distribution agreement restricted replication of the videos, required EPI to provide an accounting of sales of the videos, and required EPI to pay Program Power 70 percent of the revenue from EPI's sales of the videos. (I at ¶¶ 15-16). In 2003, the relationship between EPI and Program Power apparently broke down. (*Id.* at ¶¶ 20-22). On January 7, 2004, Program Power terminated the distribution agreement claiming that EPI breached the agreement by "refus[ing] to provide the monthly accounting required by the distribution agreement and refusing to pay Program Power any portion of the revenue EPI received from the sale of the Roaring Glory Videos." (*Id.* at ¶ 22). According to Plaintiff, "the termination notice was unequivocal that, effective January 7, 2004, EPI was no longer authorized to distribute any of Program Power's titles." (*Id.*) Plaintiff claims that Pershes and EPI continued to distribute and replicate the videos on or after January 7, 2004. (First Amended Complaint at ¶ 23). Plaintiff asserts that a number of video replicators, including Defendants CD Video Manufacturing, Inc. and L&M Optical Disc West, LLC, then replicated the Roaring Glory videos without the master copy and without the required Replicator Access Letter. (*Id.* at ¶¶ 23-24). Plaintiff claims that these replications resulted in counterfeit copies of the Roaring Glory videos that were of a lower quality than the copies made with a master copy. (*Id.* at ¶ 26). Plaintiff also alleges that sometime in 2004 or 2005, Pershes and EPI entered into an agreement with Koch for distribution of the counterfeit Roaring Glory videos. (*Id.* at ¶ 27). With respect to Historic Sales, Plaintiff alleges that in 2007, it purportedly purchased counterfeit Roaring Glory videos from Historic Sales. (*Id.* at ¶ 32). Plaintiff alleges that it contacted Historic

---

[1]/ Defendant Joseph Pershes is the president of EPI. (*See* First Amended Complaint at ¶ 3.)



4838-7905-9205.1            -3-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SKY MEDIA, LLC DBA HISTORIC
SALES' MOTION TO DISMISS

Sales, that Historic Sales informed Plaintiff that it had purchased the videos from Ingram Entertainment, Inc. ("Ingram"), and that Historic Sales agreed to stop selling counterfeit copies of the Roaring Glory videos. (*Id.* at ¶ 33). Plaintiff does not allege that Historic Sales knew that the videos were supposedly counterfeit, or that Historic Sales had any involvement, knowledge or agreements with the other defendants' to make or distribute unauthorized copies of the Roaring Glory videos. Plaintiff also does not allege it informed Historic Sales how to determine in the future whether it was purchasing counterfeit videos.

Historic Sales was not a party in Plaintiff's original Complaint, but was added as a Defendant to the First Amended Complaint, based on the single allegation that in October 2009, Plaintiff purchased counterfeit Roaring Glory DVDs from Historic Sales. (*Id.* at ¶ 34). As a result of the October 2009 sales, Plaintiff accuses Historic Sale of copyright infringement, trademark infringement, trafficking in counterfeit labels, civil RICO, and conspiracy to violate RICO. Plaintiff fails to provide any further factual basis to support its claims. Plaintiff does not specify which of the Roaring Glory DVDs it purchased from Historic Sales and does not allege that Historic Sales purchased the supposedly counterfeit DVDs from any of the other defendants, including Ingram. Plaintiff again does not allege that Historic Sales knew the Roaring Glory DVDs it sold in October 2009 were counterfeit or that Historic Sales had the ability to identify supposed counterfeit Roaring Glory DVDs. Finally, Plaintiff does not allege that Historic Sales October 2009 sale of Roaring Glory DVDs was the result of any relationship or contact whatsoever with any of the other defendants.[2] Plaintiff fails to plead facts sufficient to support its claims against Historic Sales. Accordingly, those claims must be dismissed.

////
////
////
////

---

[2] In fact, Plaintiff has been provided a September 29, 2009 invoice showing that Historic Sales made a single, $2,800 purchase of Roaring Glory videos from a Texas-based DVD liquidator. There is no allegation that this Texas liquidator has any relationship with any of the defendants. Despite this, Plaintiff maintains its claims against Historic Sales.

# III

# ARGUMENT

## A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Twombly*, the Supreme Court rejected the notion that "a wholly conclusory claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 561. (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." *Id.* at 556. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ." Id. (citing 5 C. Wright Miller, *Federal Practice and Procedure* § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. (internal quotations omitted).

Material factual allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party, but courts are not bound to accept as true "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. In order to defeat a Rule 12(b)(6) motion to dismiss, a claim must be factually supported and plausible on its face -- conclusory legal allegations and speculative inferences do not suffice. *Id.*

## B. Plaintiff's First Claim for Relief Fails to State a Claim

Plaintiff acknowledges that Historic Sales did not itself copy any of the Roaring Glory

videos. Plaintiff therefore appears to claim that Historic Sales contributorily or vicariously infringed Plaintiff's copyrights. Plaintiff fails to allege facts sufficient to support either version of a copyright infringement claim against Historic Sales and this claim must accordingly be dismissed.

To state a claim for copyright infringement, a plaintiff must allege: (1) ownership of a valid copyright, and (2) copying of original elements of the work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (citations omitted). Plaintiff does not allege that Historic Sales itself copied any of the Roaring Glory videos. Platintiff simply alleges that in October 2009, it purchased purportedly counterfeit videos from Historic Sales. If Plaintiff does not allege that Historic Sales itself copied the Roaring Glory DVDs, then Plaintiff must allege that Historic Sales intentionally induced or encouraged a direct infringer - a party that unlawfully replicated the Roaring Glory DVDs. Clearly, Plaintiff makes no such allegations. Plaintiff does not even allege that Historic Sales purchased the purported counterfeit DVDs from a direct infringer. Further, even if Plaintiff did allege that Historic Sales purchased counterfeit Roaring Glory DVDs from a direct infringer, Plaintiff does not and cannot credibly allege that Historic Sales intentionally induced or encouraged such infringement.

For the same reasons, a vicarious copyright infringement claim also fails. Plaintiff does not and cannot allege that Historic Sales purchased counterfeit DVDs from a direct infringer and even if it did, Plaintiff does not and cannot allege that Historic Sales declined to exercise some right to stop or limit such infringement. Accordingly, Plaintiff's copyright infringement claim against Historic Sales must be dismissed.

C. **Plaintiff's Second Claim for Relief Fails to State a Claim Against Historic Sales for Trafficking in Counterfeit Labels**

Plaintiff fails to state a viable claim against Historic Sales for trafficking in counterfeit labels under 18 U.S.C. § 2318. 18 U.S.C. § 2318 sets forth criminal and civil penalties for parties that "knowingly" traffic certain counterfeit labels and packaging. 18 U.S.C. § 2318(a)(1) specifically

sets forth the knowledge requirement: "Whoever, in any of the circumstances described in subsection (c), knowingly traffics in . . . ."

Plaintiff's First Amended Complaint alleges that "Defendants, and each of them, have knowingly affixed, or caused to be affixed, counterfeit labels and packaging to the Roaring Glory Videos, which were copyrighted motion pictures or audiovisual works, that Defendants illegally produced." (Plaintiffs First Amended Complaint at ¶ 44). Plaintiff also alleges that Defendants "transported or transferred the Roaring Glory Videos with the counterfeit labels and packaging to others." (*Id.* at ¶ 45). The First Amended Complaint is silent however, as to whether or not the defendants that transported or transferred the videos with counterfeit labels did so knowingly or with knowledge that the videos contained counterfeit labels.

Plaintiff does not allege that Historic Sales knowingly participated in the trafficking of any purportedly counterfeit labels. Plaintiff's First Amended Complaint names CD Video and L&M West as the parties responsible for replication of the counterfeit videos. (*Id.* at ¶¶ 23-25). Plaintiff does not allege that Historic Sales replicated any Roaring Glory videos or even communicated with these entities. Plaintiff merely alleges Historic Sales was a retailer who purchased and sold videos. Absent any facts that Historic Sales knowingly participated in affixing the counterfeit labels during replication, or knowingly transported counterfeit labels, Plaintiff's claim fails and must be dismissed.

**D.   Plaintiff's Third Claim for Relief Fails to State A Claim Against Historic Sales for Trademark Infringement**

Plaintiff's trademark infringement claim fails against Historic Sales because Plaintiff does not allege sufficient facts showing that Historic Sales used its mark. "To state a claim under 15 U.S.C. § 1125(a)(1 ), [a party] must allege: (1) the existence of a valid, protectable mark used in connection with the sale of goods or services; and (2) [a Defendant's] use of a mark that is confusingly similar. *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F.Supp.2d 1009, 1022 (N.D. Cal. 2007) (citing *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999)). While Plaintiff alleges a number of facts setting forth how Pershes, EPI and Koch purportedly used its mark, it fails to allege any substantive facts supporting

that Historic Sales used its mark. Again the sole allegation against Historic Sales is that it sold videos, which Plaintiff knows were purchased on the open market and not from any of the other defendants. Plaintiff's failure to allege any additional facts is fatal to its trademark infringement claim against Historic Sales and the claim must accordingly be dismissed.

### E. Plaintiff's Fourth Claim for Relief Fails to State a Claim Against Historic Sales for Civil Rico

Plaintiff's RICO claim is based entirely on conclusory allegations and speculative inferences and therefore must be dismissed. "RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Dumas v. Major League Baseball Properties, Inc.*, 104 F.Supp.2d 1220, 1221 (S.D. Cal., 2000) (Citations and quotations omitted). To state a claim under 18 U.S.C. § 1962(c) "a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (quoting *Sedima, S.P.R.L. v. Imrez Co.*, 473 U.S. 479, 496 (1985)). Other than alleging that Historic Sales may have purchased DVDs from Ingram in 2007, Plaintiff fails to allege that Historic Sales had any other contact with Ingram or any of the other defendants, let alone that Historic Sales was involved in some overarching enterprise engaged in a pattern of racketeering activity. Plaintiff further fails to allege facts sufficient to support its claim that Historic Sales participated in any of the predicate acts purportedly giving rise to Plaintiff's RICO claim. For these reasons, Plaintiff's claim must be dismissed.

#### 1. Plaintiff Fails To Plead Facts Showing That Historic Sales Participated In An "Associated-In-Fact" Enterprise

Plaintiff's First Amended Complaint fails to set forth any facts supporting the allegation that Historic Sales was part of an enterprise. Rather, Plaintiff rests its claim on the conclusory allegation that "Defendants collectively constitute a group of individuals associated in fact although not a legal entity, thereby constituting an associated-in-fact enterprise within the meaning of RICO." (First Amended Complaint at 58). For purposes of 18 U.S.C. § 1962(c), an "enterprise" is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." An "associated in fact"

enterprise is defined as a "group of persons associated: Together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981). "To establish the existence of such an enterprise, a plaintiff must provide both 'evidence of an ongoing organization, formal or informal,' and 'evidence that the various associates function as a continuing unit." *Odom*, 486 F.3d at 552 (quoting *Turkette*, 452 U.S. at 583).

Plaintiff fails to plead any facts showing Historic Sales's role in any enterprise, let alone facts describing the specific structure of any enterprise. Plaintiff offers no facts describing the specific parties participating in the purported enterprise or each party's role in the enterprise. Plaintiff also fails to allege that the purported enterprise is ongoing and that it continues to function as a continuing unit. Plaintiff offers nothing more than labels and conclusions as part of its formulaic recitation of the elements of a civil RICO claim. Such allegations are insufficient and Plaintiff's failure to plead the enterprise element is fatal to its civil RICO claim against Historic Sales as well as the other defendants.

### 2. Plaintiff Fails To Plead Facts Sufficient To Support The Allegation That Historic Sales Was Involved In A Pattern Of Racketeering Activity

Not only does Plaintiff fail to allege facts supporting the existence of an enterprise, but it further fails to set forth any facts supporting that Historic Sales was engaged in a pattern of racketeering activity. 18 U.S.C § 1961(5) defines "pattern of racketeering activity" to require "at least two acts of racketeering activity" within a ten year period. Section 1961 "does not so much define a pattern of racketeering activity as state a minimum necessary condition for the existence of such a pattern." *Hi, Inc. v. Northwest Bell Telephone Co.*, 492 U.S. 229, 237 (1989). "Section 1961(5) concerns only the minimum number of predicates necessary to establish a pattern; and it assumes that there is something to a RICO pattern beyond simply the number of predicate acts involved." (*Id.* at ¶ 238). The term pattern requires a relationship between predicates and the threat of continuing activity. (*Id.*) The factor of continuity plus relationship combines to create a pattern. (*Id.* at 239).

Plaintiff's First Amended Complaint wholly fails to set forth facts establishing that Historic Sales was engaged in a pattern of racketeering activity. In fact, and as discussed in further detail

below, Plaintiff's First Amended Complaint fails to allege facts supporting that Historic Sales was even involved in one isolated act that constituted racketeering activity. Absent facts supporting that Historic Sales was involved in a pattern of conduct, and that the pattern of conduct is continuing or ongoing, Plaintiff's RICO claim fails and must be dismissed.

### 3.   Plaintiff Fails To Plead Facts Sufficient To Support The Allegation That Historic Sales Engaged In Any Predicate Acts Constituting Racketeering Activity

Plaintiff fails to plead facts sufficient to support the allegation that Historic Sales engaged in any of the predicate acts upon which Plaintiff bases its RICO claim. Plaintiff alleges that the predicate acts are Trafficking in Counterfeit Labels under 18 U.S.C. § 2318, Criminal Infringement of Copyright under 18 U.S.C. § 2319, and Mail Fraud and Wire Fraud under 18 U.S.C. § 1341 and 1343. (First Amended Complaint at ¶¶ 61-70). As set forth in more detail above, Plaintiff fails to plead a claim against Historic Sales for Trafficking in Counterfeit Labels. Plaintiff's Mail Fraud, Wire Fraud and Criminal Infringement of Copyright claims are likewise deficient. Plaintiff's First Amended Complaint fails to meet the heightened pleading standard for its fraud claims against Historic Sales and fails to set forth facts supporting its criminal infringement claim against Historic Sales.

To properly plead a mail fraud claim under 18 U.S.C. § 1341, "a plaintiff must show that: (1) the defendant formed a scheme or artifice to defraud; (2) the defendant used the United States mails or caused use of the United States mails in furtherance of the scheme; and (3) the defendant did so with the specific intent to deceive or defraud." *Sebastian International, Inc. v. Russolillo*, 186 F.Supp.2d 1055, 1065 (9th Cir. 2000) (citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 800 F.2d 1393, 1399-1400 (9th Cir. 1986). Likewise, to properly plead a wire fraud claim, a plaintiff must plead "(1) formation of a scheme or artifice to defraud; (2) use of the United States wires causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud. See *Schreiber*, 806 F.2d at 1400.

"Furthermore Rule 9(b) requires that the plaintiff allege its fraud claim with particularity, stating the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." (Id.) Thus, a plaintiff must plead the predicate acts of mail



1  and wire fraud with particularity and must detail "the time, place and manner of each act of fraud,
2  [and it must set forth] the role of each defendant in each scheme." *Bryant v. Mattel, Inc.*, 573
3  F.Supp.2d 1254, 1264 (C.D. Cal., 2007)(citing *Lancaster Community Hosp. v. Antelope Valley*
4  *Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). A Plaintiff's claims for mail and wire fraud fail
5  when the complaint alleges the elements, but fails to do so with particularity. See *Schreiber*, 806
6  F.2d at 1399-1400; see also *Bryant*, 573 F.Supp.2d at 1264.
7      Plaintiff's First Amended Complaint is completely devoid of any allegations that Historic
8  Sales used the United States mail or wires in furtherance of a scheme with specific intent to
9  deceive or defraud. Plaintiff's mail and wire fraud claims fail to distinguish between defendants,
10 fail to allege when, where and at what time any of the purported violative conduct occurred, and
11 fail to set forth a single mailing or wire transaction made by Historic Sales. Plaintiff's mail and
12 wire fraud claims are therefore speculative at best. Plaintiff clearly fails to meet the heightened
13 pleading standard required for mail and wire fraud claims, and these claims therefore cannot serve
14 as predicate acts upon which Plaintiff's RICO claim relies.
15     Plaintiff also fails to plead facts sufficient to support a claim against Historic Sales for
16 criminal copyright infringement under 18 U.S.C. § 2319. In relevant part, the prohibition against
17 criminal copyright infringement provides: "Any person who violates section 506(a) (relating to
18 criminal offenses) of title 17 shall be punished as provided [herein] in and such penalties shall be
19 in addition to any other provision of title 17 or any other law." 17 U.S.C. § 506 states that "[a]ny
20 person who willfully infringes a copyright shall be punished as provided under section 2319 of title
21 18, if the infringement was committed . . . for purposes of commercial advantage or private
22 financial gain. . ." (17 US.C. § 506(a)(1)(A)).
23     The elements of criminal copyright infringement are thus "(1) infringement of a copyright (2)
24 done willfully (3) for purposes of commercial advantage or private financial gain." *Bryant*, 573
25 F.Supp.2d at 1268 (citing *United States v. Goss*, 803 F.2d 638, 642 (11th Cir. 1986)). As set forth
26 above, Plaintiff fails to state a claim against Historic Sales for copyright infringement. It
27 necessarily follows that Plaintiff likewise fails to state a claim against Historic Sales for criminal
28 copyright infringement. Plaintiff's claim for criminal copyright infringement cannot therefore

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-7905-9205.1                                -11-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SKY MEDIA, LLC DBA HISTORIC
SALES' MOTION TO DISMISS

serve as a predicate act supporting Plaintiff's RICO claim.

Plaintiff's civil RICO claim against Historic Sales clearly fails and accordingly must be dismissed.

**F. Plaintiff's Fifth Claim for Relief Fails to State a Claim Against Historic Sales for Conspiracy to Violate Rico**

Plaintiff alleges no substantive facts to support its claim against Historic Sales for conspiracy to violate RICO under 18 U.S.C. § 1962(d) and Plaintiff's claim relies on a mere recitation of the elements required to state such a claim. "The Ninth Circuit has cited with approval cases holding an agreement is vital to a RICO conspiracy claim and that a RICO conspiracy requires the assent of each defendant." *Hernandez v. Balakian*, 480 F.Supp.2d 1198, 1212 (E.D.Cal., 2007). "A defendant must also have been aware of the essential nature and scope of the [RICO] enterprise and intended to participate in it. Plaintiffs must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Hernandez*, F.Supp.2d at 1213 (internal quotations and citations omitted). To state a claim for conspiracy to violate RICO therefore, "the complaint must allege some factual basis for the finding of a conscious agreement among the defendants." *Sebastian*, 196 F.Supp.2d at 1068.

Plaintiff fails to allege facts sufficient to show the existence of an agreement between Historic Sales and any other party, let alone any of the other defendants. Other than the allegation that Historic Sales purchased purportedly counterfeit DVDs from Ingram in 2007, Plaintiff fails to allege any contact whatsoever between Historic Sales and any of the other defendants. Plaintiff's RICO conspiracy claim is based on general, conclusory allegations that fail to distinguish the conduct of any of the individual defendants. Like its RICO claim, Plaintiff's RICO conspiracy claim is asserted without foundation. Plaintiff's RICO conspiracy claim must therefore be dismissed.

////

////

////



## IV

## **CONCLUSION**

Plaintiff asserts legally and factually insupportable claims against Historic Sales, a small retailer that purchased a grand total of $2,800 worth of Roaring Glory DVDs since 2007. For the reasons more fully set forth above, each of Plaintiff's claims against Historic Sales fails to state a claim upon which relief can be granted. Accordingly, Historic Sales respectfully requests that the Court grant its motion to dismiss and any other relief deemed just and appropriate.

Dated: December 29, 2009        LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Bruce L. Shaffer

NORMAN M. ABRAMSON
JEREMY L. JOHNSON
GRAY PLANT MOOTY MOOTY & BENNETT, P.A.

Attorneys for Defendant SKY MEDIA, LLC dba
HISTORIC SALES



4838-7905-9205.1