Dale C. Campbell, State Bar No. 99173
Scott Hervey, State Bar No. 180188
W. Scott Cameron, State Bar No. 229828
Zach Wadlé, State Bar No. 231404
**WEINTRAUB GENSHLEA CHEDIAK**
Law Corporation
400 Capitol Mall, 11th Floor
Sacramento, California   95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Plaintiff
Digital Software Services, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL SOFTWARE SERVICES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ENTERTAINMENT PROGRAMS, INC., a California corporation; JOSEPH A. PERSHES, individually and as an officer and owner of ENTERTAINMENT PROGRAMS, INC.; KOCH ENTERTAINMENT DISTRIBUTION, LLC, a Delaware limited liability company; INGRAM ENTERTAINMENT, INC., a Tennessee corporation; CD VIDEO MANUFACTURING, INC., a California corporation; and L&M OPTICAL DISC WEST, LLC, a California limited liability company, SKY MEDIA, LLC, dba HISTORIC SALES, a Wyoming limited liability company,<br><br>Defendants. | Case No. 2:09-cv-2763 MCE-DAD<br><br>**OPPOSITION OF PLAINTIFF DIGITAL SOFTWARE SERVICES, INC. TO DEFENDANT SKY MEDIA, LLC dba HISTORIC SALES' MOTION TO DISMISS**<br><br>Date:  February 12, 2010<br>Time:  2:00 p.m.<br>Dept:   Courtroom 7 |

## I.   INTRODUCTION

Plaintiff Digital Software Services, Inc. ("DSS" or "Plaintiff") owns all rights, including copyrights and trademark rights, in a series of ten aviation-themed videos about World War II era warplanes titled the "Roaring Glory Warbirds" (referred to herein as the "Roaring Glory Videos").  DSS controls the distribution of the Roaring Glory Videos by marketing them itself or

through tightly controlled distribution agreements. One of these agreements was formerly with Defendant Joseph Pershes ("Pershes"), and his company Defendant Entertainment Programs, Inc. ("EPI"). After EPI and Pershes failed to pay the required royalties for the sales of the Roaring Glory Videos, the distribution agreement was properly terminated by Plaintiff, and EPI and Pershes no longer had any right to distribute the videos.

Pershes did not stop distributing the Roaring Glory Videos, however. Unbeknownst to Plaintiff, Pershes joined forces with Defendant Koch Entertainment, Inc. ("Koch") and several DVD replicators and/or distributors including Defendant Sky Media, LLC, dba Historic Sales ("Historic Sales"). Together, they began making, distributing, and/or selling counterfeit copies of the Roaring Glory Videos and selling them for themselves, in violation of Plaintiff's rights. Plaintiff's complaint seeks relief for this improper conduct and, as explained in more detail herein, Plaintiff has stated valid claims for copyright infringement, trafficking in counterfeit labels, and trademark infringement against Defendant Historic Sales. Based on initial conversations with Historic Sales' counsel and informal discovery gathered thus far, Plaintiff will voluntarily dismiss Historic Sales from Plaintiff's RICO and conspiracy to commit RICO claims without prejudice, but reserves the right to rename Historic Sales should future discovery warrant reinstatement of these claims against Historic Sales.

II. MOTION TO DISMISS STANDARD

Motions to dismiss under FRCP 12(b)(6) are disfavored as a matter of law. *Gilligan v. Jamco Development Corp.*, 108 F. 3rd 246, 249 (9th Cir 1997). When a court reviews a 12(b)(6) motion, the Court must assume that all material allegations in the complaint are true, as well as all reasonable inferences to be drawn from the allegations. *Pareto v. FDIC*, 139 F. 3rd 696, 699 (9th Cir. 1998). Furthermore, the Court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified School District*, 37 F. 3rd 517, 521 (9th Cir. 1994). Under this standard of review, Plaintiff's allegations are more than sufficient to support the causes of action Plaintiff maintains against Historic Sales.

///

III.   DISCUSSION

1.   <u>Plaintiff's First Claim for Copyright Infringement States a Valid Claim Against Historic Sales.</u>

Plaintiff alleges that Historic Sales distributed and sold the Roaring Glory videos in violation of Plaintiff's copyrights in the videos. This alone is sufficient to state a claim for copyright infringement against Historic Sales, irrespective of Historic Sales' claim that Plaintiff failed to specifically allege Historic Sales "itself copied any of the Roaring Glory Videos" and/or "purchased the purported counterfeit DVD's from a direct infringer." Historic Sales' Motion, p. 6.

"Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 715 (9th Cir. 2007). 17 U.S.C. § 106(3) explicitly grants a copyright owner the *exclusive* right to distribute copies of the copyrighted work. Furthermore, 17 U.S.C. § 501(a) provides that anyone who violates any of the exclusive rights of a copyright owner (including the right of distribution) is an infringer of the copyright.

Historic Sales reliance on *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Inc.*, 545 U.S. 913 (2005) as a defense to its actions is unfounded. *Metro-Goldwyn-Mayer* involved a situation where copyright holders sued peer-to-peer file sharing software distributors. *Id.* at 920-21. The copyright holders alleged that the software distributors were liable for contributory copyright infringement because the software of the distributors was intended to allow third party users of the software to infringe copyrighted works. *Id.* The United States Supreme Court held that that "one who distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement by third parties." *Id.* at 919. In this case, Historic Sales is not alleged to have distributed a device to allow third parties to infringe upon Plaintiff's copyrights in the Roaring Glory Videos. Rather, Historic Sales is alleged to

have directly infringed upon Plaintiff's copyrights by directly distributing and selling the Roaring Glory Videos to third parties. Therefore, *Metro-Goldwyn-Mayer* is inapposite, and not applicable to Historic Sales' conduct.

The mere act of distribution is considered to be direct infringement in and of itself. *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59 (1st Cir. 2002); *see also UMG Recordings, Inc. v. Disco Azteca Distr., Inc.*, 446 F.Supp.2d 1164 (E.D. Cal. 2006) (In civil copyright infringement action, plaintiff copyright owners were entitled to summary judgment on issue of direct infringement against defendant distributor because there was no dispute that owners held copyrights in question, and distributor had violated owner's distribution rights under 17 U.S.C. § 106(3)). Furthermore, "innocent" infringement is not a defense. *LA News v. Campus Commons*, 969 F.Supp. 579, 584 (C.D. Cal. 1997). Thus, Plaintiff need not allege exhaustive facts and circumstances detailing Historic Sales' knowledge of the specific circumstances surrounding its infringing conduct. The mere fact that Historic Sales distributed and/or sold the Roaring Glory Videos is sufficient to create liability for copyright infringement.

Plaintiff alleges ownership of the copyrights for the Roaring Glory Videos at issue. First Amended Complaint ("FAC") ¶ 37. Plaintiff's copyrights have been formally registered with the United States Copyright Office. *Id*. Plaintiff also alleges that "[Plaintiff] ordered and paid for several videos in the Roaring Glory Video series from Historic Sales, another print and web catalog, and received counterfeit DVDs. These videos were sold at a price significantly lower than the retail price suggested by DSS for its videos and were of far lower quality. The artwork on the disk itself, and on the packaging, was fuzzy rather than the sharp, clear artwork on the authentic disks and packages." FAC ¶ 32. Plaintiff then alleges that "Historic Sales knew, or should have known, that it did not have the right to distribute and/or sell the Roaring Glory Videos because the videos acknowledge [Plaintiff] as the copyright owner, and Historic Sales knew that it did not have [Plaintiff's] authorization to distribute and/or sell the videos…" FAC ¶ 39. Collectively, these allegations are more than sufficient to state a *prima facie* copyright infringement claim against Ingram as a distributor of the Roaring Glory Videos. As such, Ingram's motion to dismiss Plaintiff's copyright infringement claim must be denied.

2.   <u>Plaintiff's Second Claim for Trafficking in Counterfeit Labels States a Valid Claim Against Historic Sales.</u>

Historic moves to dismiss Plaintiff's claim for trafficking in counterfeit labels under 18 U.S.C. § 2318 based upon the argument that "Plaintiff has failed to allege that Ingram knowingly participated in the trafficking of counterfeit labels." Historic Sales Motion, p. 7. To support a claim under 18 U.S.C. § 2318, Plaintiff need only allege that Historic had **knowledge of facts** that constitute a violation of Section 2318. *Microsoft Corp. v. Pronet Cyber Techs., Inc.*, 593 F.Supp.2d 876, 883-84 (E.D. Va. 2009) (emphasis added). Plaintiff does <u>not</u> have to demonstrate that Historic Sales necessarily knew that its conduct as a whole actually violated 18 U.S.C. § 2318. *Id*. Thus, Historic Sales' suggestion that Plaintiff is required to allege Historic Sales knowingly and/or willfully violated 18 U.S.C. § 2318 is inaccurate.

Historic Sales' claim that "Plaintiff's complaint is silent as to whether or not the Defendants that transported or transferred the videos with counterfeit labels did so knowingly or with knowledge that the videos contained counterfeit labels" (Historic Sales Motion, p. 7) is false. Plaintiff specifically alleges Historic Sales' knowledge of facts constituting a violation of 18 U.S.C. § 2318 in paragraph 44 of its First Amended Complaint. This paragraph alleges that Historic Sales:

> …knowingly affixed, or caused to be affixed, counterfeit labels and packaging to the Roaring Glory Videos, which were copyrighted motion pictures or audiovisual works, that Defendants illegally produced. These labels and packaging are intended to, and do, appear to be genuine, but are not. As described above, they are not genuine because they were copied without authorization and without use of the master artwork, resulting in copies that are fuzzy and of lower quality than the genuine label and packaging. They appear to be genuine because, although lower in quality, they are otherwise exact copies of the genuine labels and packaging used by DSS.

///

Furthermore, Plaintiff alleges that:

> DSS contacted Historic Sales in October 2007, regarding the sale of counterfeit Roaring Glory Videos. Historic Sales agreed in writing to stop selling counterfeit copies of the Roaring Glory Videos and informed DSS that it had been purchasing its Roaring Glory Videos from Ingram. DSS is informed and believes that Ingram purchased the counterfeit copies of the Roaring Glory Videos it was distributing from Pershes or Koch. FAC ¶ 33.
>
> Notwithstanding Historic Sales' previous representation in October 2007 to DSS that it would stop selling counterfeit copies of the Roaring Glory Videos, DSS recently learned in October 2009 that Historic Sales has resumed selling counterfeit copies of the Roaring Glory Videos despite knowing that such videos were counterfeit and infringed upon the rights of DSS. On October 9, 2009, DSS ordered and paid for several videos in the Roaring Glory Video series from Historic Sales, and again received counterfeit DVDs. These videos were again sold at a price significantly lower than the retail price suggested by DSS for its videos and were of far lower quality. FAC ¶ 34.

These allegations are more than sufficient to state a claim that Historic Sales had knowledge of facts that constitute a violation of Section 2318. In October 2007, Plaintiff specifically put Historic Sales on notice that the Roaring Glory Videos Historic Sales was selling were counterfeit. In response, Historic Sales represented to Plaintiff it would not sell any more copies of the videos. Yet, with prior knowledge of the counterfeit nature of the videos, in October 2009 Historic Sales turned around and sold the very same Roaring Glory Videos again. At minimum, this constitutes knowledge by Historic Sales of facts constituting a violation of 18 U.S.C. § 2318. Therefore, Plaintiff has stated a valid *prima facie* claim against Historic Sales for Trafficking in Counterfeit Labels.

3.  <u>Plaintiff's Third Claim for Trademark Infringement States a Valid Claim Against Historic Sales.</u>

Historic Sales claims that "Plaintiff's trademark infringement claim fails against Ingram

because Plaintiff has not alleged sufficient facts showing that Historic Sales used its mark." Historic Sales' Motion, p. 7. Historic Sales' argument ignores the fact that Plaintiff specifically alleges Historic Sales to have sold and distributed the Roaring Glory Videos, which bore the trademark "Roaring Glory Warbirds" that Plaintiff seeks to protect. See FAC ¶¶ 33, 34, 51-54.

A distributor such as Historic Sales that does not make the goods bearing the infringing mark, but merely sells them, is nevertheless liable as an infringer. *Polo Fashions, Inc. v. Samual Schlesinger, Inc.*, 224 U.S.P.Q. 886 (D. N.J. 1984) (the mere selling of counterfeit goods is trademark infringement even if the distributor did not know the goods were counterfeit, therefore summary judgment was granted in favor of plaintiff); *Orange Micro, Inc. v. Pacific Blue Micro*, 223 U.S.P.Q. 4 (C.D. Cal. 1983) ("any member of the distribution chain can be sued as an alleged joint tortfeasor" for trademark infringement). All that Plaintiff need allege is the existence of a protected trademark, improperly used by Historic Sales, which caused confusion in the marketplace. 15 U.S.C. § 1125(a)(1). Paragraph 54 of Plaintiff's First Amended Complaint satisfies each of these requirements by alleging:

> The videos manufactured, sold, and distributed by [Historic Sales], all bore the "Roaring Glory Warbirds" mark. The use of the "Roaring Glory Warbirds" mark on the counterfeit videos as described above is likely to cause confusion or to deceive as to the source or origin of the video. The use of the mark is likely to cause the purchaser to believe that the video is a genuine Roaring Glory video produced by DSS, when in fact it is a lower-quality counterfeit copy of the videos produced by DSS.

As such, Plaintiff has alleged a *prima facie* claim for trademark infringement against Historic Sales under 15 U.S.C. § 1125(a)(1), and is entitled to proceed with this claim.

4. <u>Plaintiff Will Voluntarily Dismiss Its Claims for RICO and Conspiracy to Violate RICO Against Historic Sales Without Prejudice.</u>

Based upon initial discussions with Historic Sales' counsel and information learned through informal discovery thus far, Plaintiff is willing to voluntarily dismiss Historic Sales from

its RICO and Conspiracy to Violate RICO claims without prejudice at this point. Plaintiff reserves the right to re-name Historic Sales as a Defendant to these causes of action should further discovery reveal additional information supporting the claims.

## IV.     CONCLUSION

Based on the forgoing, Plaintiff respectfully requests that the Court deny Historic Sales' motion to dismiss with respect to Plaintiff's claims for copyright infringement, trafficking in counterfeit labels, and trademark infringement. In the alternative, Plaintiff requests leave to amend its complaint to the extent the Court finds any of these claims to have been insufficiently pled.

Dated:  January 29, 2010                                    Respectfully submitted,

                **WEINTRAUB GENSHLEA CHEDIAK**
                Law Corporation


                By:     /s/ W. Scott Cameron
                         W. Scott Cameron
                         State Bar No. 229828

                         Attorneys for Plaintiff
                         Digital Software Services, Inc.