UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL SOFTWARE SERVICES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENTERTAINMENT PROGRAMS, INC., a California corporation, et al.,<br><br>Defendants. | No. 2:09-cv-02763-TLN-DAD<br><br>**ORDER** |

This matter is before the Court on Plaintiff Digital Software Services, Inc.'s ("Plaintiff") Petition to Confirm the Arbitration Award against Defendant Entertainment Programs, Inc. ("EPI"), Lift the Stay of Proceedings, Amend the Name of a Party, and Order the Discovery of Documents. (Pl.'s Pet. to Confirm Arbitration, ECF No. 101-1.) Defendants Sky Media, LLC (ECF No. 107), C.D. Video Manufacturing, Inc. (ECF No. 108), Ingram Entertainment, Inc. (ECF No. 112), and Koch Entertainment Distribution, LLC/Entertainment One U.S. LP[1] (hereinafter referred to as "Koch/Entertainment One") (ECF No. 120) each filed oppositions to Plaintiff's Petition. Defendants EPI and Joseph A. Pershes ("Pershes") together

---

[1] The entity Koch Entertainment Distribution, LLC is now named Entertainment One U.S. LP. (Substitution of Counsel, ECF No. 96; Decl. of Lawrence Sapadin, ECF No. 124 at ¶ 1.) To avoid any confusion, the Court refers to the company throughout this order as Koch/Entertainment One.

1

filed a Partial Opposition to Plaintiff's Petition. (ECF No. 119.) The remaining Defendant, L&M Optical Disc West, LLC, has not filed a response to Plaintiff's Petition. For the reasons set forth below, Plaintiff's Petition (ECF No. 101-1) is GRANTED IN PART and DENIED IN PART.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2009, Plaintiff filed its First Amended Complaint ("FAC") against seven Defendants[2] for copyright infringement, trafficking in counterfeit labels, trademark infringement, violations of Civil RICO, and conspiracy to violate RICO. (ECF No. 13.) Defendants EPI, Pershes, and Koch/Entertainment One collectively replied to Plaintiff's FAC with a Petition to Compel Arbitration and a Motion to Stay Proceedings Pending Arbitration. (ECF No. 32.) Attorney Andrew W. Stroud, working for the law firm of Mennemeier, Glassman & Stroud LLP, represented that he was the attorney for Defendants EPI, Pershes, and Koch/Entertainment One. (ECF No. 32 at 4.) Attorney Stroud filed the Petition, Motion, and Memorandum of Points and Authorities in Support of Petition to Compel Arbitration and Motion to Stay Proceedings on behalf of Defendants EPI, Pershes, and Koch/Entertainment One. (ECF Nos. 32–33.) Defendants' Petition was based upon a Distribution Agreement between Plaintiff[3] and EPI (ECF No. 34 at 15–26), requiring any disputes arising under the agreement to be resolved in arbitration. (ECF No. 34 at ¶ 14.1.) On February 25, 2010, Eastern District of California, Sacramento Judge Morrison C. England, Jr. granted Defendants' Petition to Compel Arbitration as well as Defendants' Motion to Stay all Proceedings.[4] (Mem. and Order, ECF No. 67.)

On January 20, 2011, this case was reassigned to District Judge Kimberly J. Mueller (ECF No. 71), who required the parties to file updated joint status reports every sixty days regarding the status of arbitration. (ECF No. 76.) On February 21, 2012, Plaintiff filed a

---

[2] The seven Defendants are: (1) EPI; (2) Pershes; (3) Koch/Entertainment One; (4) Ingram Entertainment, Inc.; (5) C.D. Video Manufacturing, Inc.; (6) L&M Optical Disc West, LLC; and (7) Sky Media, LLC.

[3] The Distribution was originally between EPI and Program Power Entertainment, Inc. (ECF No. 32 at 2.) Plaintiff is the successor in interest to Program Power Entertainment, Inc. (ECF No. 33 at 7.)

[4] On March 1, 2010, Judge England issued an Amended Memorandum and Order, which is identical to the Court's February 25, 2010 Order, except that it clarifies that Sky Media, LLC's Motion to Dismiss is denied as moot. (Am. Mem. and Order, ECF No. 68.) Nonetheless, in both orders, Judge England explained, "Defendants Entertainment Programs, Inc., Joseph A. Pershes, and Koch Entertainment Distribution, LLC[/Entertainment One] (collectively 'Defendants') petition this Court to compel arbitration and move to stay proceedings pending arbitration. For the reasons set forth below, Defendants' Petition will be granted and the instant action will be stayed." (ECF No. 67; ECF No. 68.)

Joint Status Report, stating that Plaintiff and Defendants EPI, Pershes, and Koch/Entertainment One had signed a stipulation agreeing to an arbitration tribunal.[5]  (ECF No. 82.)  In the stipulation, Attorney Eric S. Jacobson, as counsel for Plaintiff, and Attorney Andrew W. Stroud, as counsel of record for Defendants EPI, Pershes, and Koch/Entertainment One, agreed to submit the dispute to arbitration before the Independent Film and Television Alliance ("IFTA") Arbitration Program.  (Jan. 5, 2012 Stipulation, ECF No. 101-5.)

The IFTA tribunal accepted the matter for arbitration on or about January 31, 2012, and designated Bruce M. Polichar as the arbitrator over the matter.  (Interim Award, ECF No. 101-3 at 10.)  Over the next year and a half, Attorney Gregory B. Wood purportedly represented Defendants EPI and Koch/Entertainment One in various arbitration proceedings.[6]  (Decl. of Gregory B. Wood, ECF No. 122 at ¶ 2; ECF No. 101-3 at 9–11.)  On October 14, 2013, Arbitrator Polichar issued his 32-page Findings and Interim Award ("Interim Award").  (ECF No. 101-3 at 8–39.)  The Interim Award contained several findings of fact and rulings involving Plaintiff and Defendants EPI and Koch/Entertainment One—the award did not involve Pershes.[7]  (ECF No. 101-3 at 13, 37–39.)  Most notably, Arbitrator Polichar found Defendants EPI and Koch/Entertainment One liable to Plaintiff "for willful and intentional copyright infringement, trademark infringement, and trading in counterfeit goods."  (ECF No. 101-3 at 38.)  Additionally, the Interim Award reserved two issues to be addressed in a further briefing process by the parties: "[a]ll questions relating to the defense of any statute of limitations that may be applicable to [Plaintiff]'s claims" and "all issues regarding the entitlement to attorney's fees and costs."  (ECF No. 101-3 at 39.)

However, following the issuance of the Interim Award, Koch/Entertainment One raised objections to the award.  (Partial Final Award, ECF No. 101-3 at 5–7; Koch/Entertainment

---

[5] Attorney Andrew W. Stroud signed the Joint Status Report as counsel for Defendants EPI, Pershes, and Koch/Entertainment One.  (ECF No. 82 at 2.)

[6] Attorney Wood claims that he was retained as counsel for EPI after the arbitration proceeding had already been filed with the IFTA. (ECF No. 122 at ¶ 2.)  He states that he was informed by "Pershes that EPI had contracted with Koch[/Entertainment One] to distribute DVDs and the agreement included an obligation to indemnity and defend any claims against Koch[/Entertainment One] related to the DVDs and on that basis was instructed by Mr. Pershes that our representation of EPI included representation of Koch[/Entertainment One]."  (ECF No. 122 at ¶ 2.)

[7] In his findings of fact, Arbitrator Polichar found, "Pershes is not a party to this arbitration proceeding, and is not subject to the jurisdiction of the tribunal or to its award herein."  (ECF No. 101-3 at 37.)

One's Opp'n to Pl.'s Pet., ECF No. 120.)  Koch/Entertainment One's Vice President, Lawrence Sapadin, claims that Koch/Entertainment One did not have any knowledge that it was even a party to the arbitration proceedings prior to October 18, 2013.  (Decl. of Lawrence Sapadin, ECF No. 124 at ¶ 2.)  Thus, on November 13, 2013, Attorney Eve H. Wagner,[8] sent a letter to the IFTA, announcing her representation of Koch/Entertainment One.  (Nov. 13, 2013 Letter, ECF No. 101-6 at 2–3; Decl. of Eve H. Wagner, ECF No. 123 at ¶ 12.)  Attorney Wagner stated that Koch/Entertainment One had never given Attorney Stroud or Attorney Wood the authority to represent it.  (ECF No. 123 at ¶ 12.)  Specifically, Koch/Entertainment One raised the following objections: (1) Koch/Entertainment One never agreed to arbitrate with Plaintiff and EPI; (2) Attorney Stroud and Attorney Wood lacked the authority to bind Koch/Entertainment One to an arbitration award; and (3) Arbitrator Polichar exceeded his authority in issuing the Interim Award.  (ECF No. 101-3 at 6; ECF No. 120 at 10–15).

Koch/Entertainment One's objections to the IFTA tribunal's jurisdiction prevented Arbitrator Polichar from resolving the two issues he reserved in his Interim Award.  (ECF No. 101-3 at 5–7; Decl. of Eric S. Jacobson, ECF No. 101-2 at 7.)  As a result, Arbitrator Polichar was unable to finalize his Interim Award.  (ECF No. 101-3 at 5–7.)  In order to move the matter forward, Plaintiff and EPI entered into a stipulation authorizing Arbitrator Polichar to issue a partial award that was binding only upon Plaintiff and EPI—not Koch/Entertainment One.  (Jan. 28, 2014 Stipulation, ECF No. 101-4 at 36–38.)  As such, Arbitrator Polichar issued his Findings and Partial Final Award ("Partial Final Award") on January 28, 2014.  (ECF No. 101-3 at 5–7.)  The Partial Final Award reserves several issues for the Court and clarifies that the rulings in the Interim Award are only binding upon Plaintiff and EPI.  (ECF No. 101-3 at 5–7.)

On March 14, 2014, Plaintiff filed a petition requesting the Court to (1) confirm the arbitration award against EPI; (2) lift the stay of proceedings as to all Defendants; (3) issue an order requiring the production of documents; and (4) amend the name of Koch/Entertainment

---

[8] Koch/Entertainment One formally substituted Eve H. Wagner (Sauer & Wagner LLP) as its counsel on January 16, 2014, when it filed its substitution of counsel with the Court.  (ECF No. 96.)  Eric J. Glassman, with Mennemeier Glassman LLP (formerly known as Mennemeier, Glassman & Stroud LLP), thereby withdrew as counsel.  (ECF No. 96.)

4

One. (ECF No. 101-1.)

## II. LEGAL STANDARD

### a. Standard for Confirming an Arbitration Award

Section 9 of the Federal Arbitration Act ("FAA") authorizes a party to an arbitration agreement to apply for an order confirming an arbitration award "any time within one year after the award." 9 U.S.C. § 9. "[T]he court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id*.

An arbitration award may be modified or corrected if the arbitrator issued an award involving a matter that was not submitted for arbitration, unless the matter does not affect the merits of the arbitrator's decision. 9 U.S.C. § 11(b). Alternatively, an arbitration award may be vacated if the arbitrator exceeded his powers. 9 U.S.C. § 10(a)(4). "[A]rbitrators exceed their powers in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of law." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (internal citations and quotations omitted).

"In sum, the [FAA] allows a federal court to correct a technical error, to strike all or a portion of an award pertaining to an issue not at all subject to arbitration, and to vacate an award that evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law." *Kyocera Corp.*, 341 F.3d at 997–98. However, the court's review of an arbitration award is "extremely limited." *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992) (citing *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1991)). Courts are deferential to arbitrators' decisions. *Romero v. Citibank USA*, No. 1:07-CV-00549 OWW-SMS, 2007 WL 2688848, at *3 (E.D. Cal. Sept. 13, 2007) (citing *Rostad & Rostad Corp. v. Inv. Mgmt. & Research, Inc.*, 923 F.2d 694, 697 (9th Cir. 1991)).

### b. Standard for Lifting a Stay of Proceedings

"The power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket." *Landis v. N. Am. Co.*, 299

U.S. 478, 254–55 (1936). "In determining whether to grant a stay, courts generally consider whether doing so would 'cause undue prejudice or present a clear tactical disadvantage to the non-moving part[ties].'" *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994) (quoting *GPAC, Inc. v. DWW Enters., Inc.*, 144 F.R.D. 60, 66 (D.N.J. 1992)).

"The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Akeena Solar Inc. v. Zep Solar Inc.*, No. C 09-05040 JSW, 2011 WL 2669453, at *2 (N.D. Cal. July 7, 2011) (quoting *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002)). The court may lift the stay "[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate." *Id.* (quoting *Canady*, 271 F. Supp. 2d at 74). For example, where the court imposes a stay because the dispute is subject to arbitration, the court should not abandon its stay "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

### c. Standard for Ordering Discovery

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party may request an order compelling the production of documents if "a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). However, the party's "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

## III.   ANALYSIS

Plaintiff petitions the Court to: (1) confirm the arbitration award against EPI; (2) lift the stay of proceedings as to all parties; (3) issue an order requiring Defendants EPI, Pershes, and Koch/Entertainment One to produce documents; and (4) amend the name of Koch/Entertainment One. (ECF No. 101-1.) The Court will address each of Plaintiff's requests in turn.

### a. Confirming the Arbitration Award Against EPI

Plaintiff petitions the Court to confirm the Partial Final Award against EPI, pursuant to section 9 of the FAA. (ECF No. 101-1 at 11.)

Defendants EPI, Pershes, and Koch/Entertainment One raise partial objections to the confirmation of the Partial Final Award.  Defendants EPI and Pershes do not oppose the confirmation of the Partial Final Award so long as the Court is able to adopt the award without prejudicing any other parties, namely Defendants Koch/Entertainment One and Pershes.  (EPI and Pershes' Partial Opp'n to Pl.'s Pet., ECF No. 119 at 5–6.)  Koch/Entertainment One opposes the confirmation of the Partial Final Award to the extent that the award contains findings of fact and legal conclusions involving Koch/Entertainment One or otherwise affects its legal rights.  (ECF No. 120 at 3.)  Koch/Entertainment One claims that if the Partial Final Award is permitted to stand against it in any form, then its due process and substantive legal rights would be unjustly and irreparably harmed.  (ECF No. 120 at 3, 15.)  Koch/Entertainment One argues that it could be harmed by the Partial Final Award because the award fails to explain what effect the legal conclusions will have on Koch/Entertainment One and fails to state that the findings of fact are not binding upon Koch/Entertainment One.  (ECF No. 120 at 3.)  As such, Koch/Entertainment One urges the Court to either vacate the award or correct the award by deleting all findings concerning Koch/Entertainment One.  (ECF No. 120 at 15.)  The Court disagrees with Koch/Entertainment One and finds it unnecessary to correct or vacate the Partial Final Award.

As Koch/Entertainment One concedes, the Court "need not vacate an award if, prior to confirmation, it can 'be corrected without affecting the merits of the decision upon the controversy submitted.'"  (ECF No. 120 at 14) (citing Cal. Civ. Proc. Code § 1286.2(a)(4)).  Furthermore, as Koch/Entertainment One explains, "An award made against someone who is not a party to the arbitration proceedings may be corrected by deleting the award against the nonparty, while confirming it as against those who were parties."  (ECF No. 120 at 14–15) (citing *Ikerd v. Warren T. Merrill & Sons*, 9 Cal. App. 4th 1833, 1843–44 (1992)).

Arbitrator Polichar corrected his initial Interim Award, which contained findings of fact and rulings involving Koch/Entertainment One, by issuing a follow-up Partial Final Award.  The Partial Final Award clarifies that Arbitrator Polichar's rulings are binding only upon Plaintiff and EPI—not Koch/Entertainment One.  (*See* ECF No. 101-3 at 7.)  Specifically, the Partial Final Award states,

> 1. All of the matters contained in items 1–5 of the rulings portion of the Interim Award are hereby deemed final and binding upon Digital Software Services and Entertainment Programs, Inc. (the parties) as set forth therein verbatim.
>
> 2. All further proceedings with regard to the Reserved Issues shall be removed to the United States District Court pursuant to the stipulation of the parties, the further actions of the parties, and the rulings of the Court as it may deem appropriate.

(ECF No. 101-3 at 7.)

Hence, Arbitrator Polichar corrected the arbitration award by deleting his previous rulings against Koch/Entertainment One.[9] Therefore, the Court finds no further need to modify or correct the award because the Partial Final Award adequately states that the Interim Award is not binding upon Koch/Entertainment One. Accordingly, the Court GRANTS Plaintiff's Petition to Confirm the Arbitration Award against EPI.

### b. Lifting the Stay as to Defendants EPI, Pershes, and Koch/Entertainment One

Plaintiff asks the Court to lift the stay imposed on February 25, 2010, so that the case may proceed against all Defendants. (ECF No. 101-1 at 10; Pl.'s Reply to EPI and Koch/Entertainment One's Opp'ns, ECF No. 125 at 2–4.) Upon lifting the stay, the Court is asked to resolve four issues (hereinafter referred to as the "Reserved Issues") left open in the arbitration award. The Reserved Issues include: (1) EPI's statute of limitations defense;[10] (2) the

---

[9] The Interim Award originally found,
  1. The Agreement, as identified herein, is deemed terminated as of February 7, 2004; that date being thirty days following Entertainment Programs, Inc.'s notice of default to Digital Software Services, and Digital Software Services' notice of termination to Entertainment Program, Inc.. Any and all licenses or other grants of rights under and pursuant to the Agreement are hereby deemed to have lapsed on said date.
  2. Respondents, and each of them, are liable to Claimant for willful and intentional copyright infringement, trademark infringement, and trading in counterfeit goods.
  3. All right, title and interest in and to the titles, as defined herein, together with all intellectuals property related thereto, are deemed the sole and exclusive property of Claimant, and Respondents have no rights of any nature therein.
  4. Respondents are not liable to Claimant for any alleged violations of the RICO statute.
  5. Respondents are ordered to cease and desist from any and all distribution, sales, or other form or method of exploiting the titles, as defined herein, and are permanently enjoined from trading in the titles, or using any of the audio/visual elements thereof, or any visual materials, trademarks or other intellectual property of Claimant related to the titles.
(ECF No. 101-3 at 38–39.) In the Interim Award, Arbitrator Polichar explains that the "Claimant" is DSS and the "Respondents" are EPI and Koch[/Entertainment One]. (ECF No. 101-3 at 8.)

[10] Arbitrator Polichar declined to rule on EPI's statute of limitations defense to Plaintiff's copyright infringement

award of damages and/or other remedies not decided in the Interim Award; (3) the entitlement to and award of attorney's fees and costs; and (4) whether Koch/Entertainment One submitted itself to the jurisdiction of the arbitration tribunal and therefore should be bound by items 1–5 of the Interim Award. (ECF No. 101-3 at 39; Stipulation of Parties in Support of Partial Final Award, ECF No. 101-4 at 37.)

Three of the non-arbitrating Defendants, Sky Media, LLC (ECF No. 107), C.D. Video Manufacturing, Inc. (ECF No. 108), and Ingram Entertainment, Inc. (ECF No. 112), oppose Plaintiff's request to lift the stay as to the non-arbitrating Defendants.[11] Defendants aver that the matter should remain stayed with respect to the non-arbitrating Defendants because the arbitration issues have not yet been resolved. (ECF No. 107 at 3; ECF No. 108 at 5; ECF No. 112 at 5.) Defendants explain that lifting the stay as to the non-arbitrating Defendants will unnecessarily complicate the matter and impose costs upon the non-arbitrating Defendants that exceed the amount of any potential damages.[12] (ECF No. 107 at 5–6; ECF No. 108 at 4–5; ECF No. 112 at 5–6.) Nonetheless, in the event that the Court lifts the stay, Sky Media, LLC requests the Court to consider its Motion to Dismiss (ECF No. 44) and grant its motion on the merits. (ECF No. 107 at 6.) Ingram Entertainment Inc. requests the Court to re-calendar its Motion to Dismiss (ECF No. 27) for hearing and determination by the Court. (ECF No. 112 at 5.)

In response, Plaintiff argues that the stay should be lifted as to all parties because

---

claim, explaining that this complex area of copyright law "is undergoing continuing discussion within the courts." (ECF No. 101-3 at 29–30.) Therefore, a major issue for the Court to decide in this matter is whether EPI has a successful statute of limitations defense. According to 17 U.S.C. § 507(b), "No civil action shall be maintained under the provisions of this title, unless it is commenced within three years after the claim accrued." Plaintiff and EPI dispute when the claim accrued. In order for EPI's statute of limitations defense to be successful, the claim must have accrued more than three years prior to October 5, 2009—the date Plaintiff filed its complaint. (ECF No. 2.) As such, EPI argues the accrual date began to run once Plaintiff knew or should have known that EPI was continuing to distribute the titles beyond the termination of the Distribution Agreements, which was in or around 2004. (ECF No. 119 at 7; ECF No. 101-3 at 39.) However, Plaintiff argues the accrual date began to run once it discovered the infringement, which was no earlier than mid-2007. (ECF No. 125 at 2.)

[11] Non-arbitrating Defendant L&M Optical Disc West, LLC has not filed a response to Plaintiff's Petition.

[12] Sky Media, LLC claims that Plaintiff's dispute against it relates to approximately $2,800 in sales and that merely participating in the proceedings involving the Reserved Issues will unnecessarily drain its limited resources. (ECF No. 107 at 3.) C.D. Video Manufacturing, Inc. explains that the stay should not be lifted with respect to it because its sales relating to Plaintiff were minimal—less than $16,000—and therefore, the cost of litigation imposed on it will quickly exceed the amount of any potential damages. (ECF No. 108 at 5.) Likewise, Ingram Entertainment Inc. argues that Plaintiff's anticipated scope of litigation issues against it is minor because Ingram Entertainment Inc.'s sales relating to Plaintiff is less than $20,000. (ECF No. 112 at 4–5.)

resolution of the Reserved Issue involving the statute of limitations defense requires the participation of all the parties in this case. (ECF No. 116 at 4–5; ECF No. 117 at 3–4; ECF No. 118 at 3–5.)

Additionally, Defendants EPI and Pershes partially oppose Plaintiff's Petition to Lift the Stay. (ECF No. 119.) Specifically, EPI and Pershes oppose Plaintiff's request to lift the stay regarding the Reserved Issues involving damages and attorney's fees and costs. (ECF No. 119 at 6.) However, EPI and Pershes do not oppose lifting the stay with respect to the Reserved Issues involving the statute of limitations defense and whether Koch/Entertainment One submitted itself to the jurisdiction of the arbitration tribunal. (ECF No. 119 at 6.) EPI and Pershes contend that resolution of the statute of limitations issue may obviate the need for further proceedings as to all Defendants, and therefore, the Court should not lift the stay as to the issues involving damages and attorney's fees and costs. (ECF No. 119 at 7–8.) Specifically, EPI and Pershes claim that if it prevails on its statute of limitations defense, then Plaintiff will be time-barred from pursuing its claims against EPI and the other Defendants. (ECF No. 119 at 7.)

In response, Plaintiff explains that EPI's statute of limitations defense, if successful, will at most result in the reduction of the number of units for which EPI is liable to Plaintiff in damages and thus not result in a dismissal of EPI from this case. (ECF No. 125 at 2–3.) Therefore, Plaintiff contends that no legitimate purpose will be served by lifting the stay only with respect to only two issues. (ECF No. 125 at 2.)

After a court imposes a stay because the dispute is subject to arbitration, the court may lift the stay once "such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Here, the Court ordered arbitration among the parties who had agreed to arbitration and stayed the pending court action. (ECF No. 67 at 10–11.) The Court explained, "Although five Defendants[13] are not parties to the arbitration agreement, sending this case to arbitration may clarify whether the other Defendants are even liable." (ECF No. 67 at 11.)

---

[13] The five Defendants that the Court was referring to are: (1) EPI; (2) Ingram Entertainment Inc.; (3) L&M Optical Disc West, LLC; (4) C.D. Video Manufacturing, Inc.; and (5) Sky Media, LLC. Only Defendants EPI and Pershes, on behalf of EPI, signed the arbitration agreement with Program Power Entertainment, Inc. (succeeded in interest by Plaintiff). (ECF No. 34 at 26.)

Hence, the Court stayed the entire action because "arbitration may clarify and streamline this case." (ECF No. 67 at 11.)

The arbitration proceedings concluded on January 28, 2014, when Arbitrator Polichar issued his Partial Final Award. (ECF No. 101-3 at 5–7.) As such, "arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. However, because certain reserved issues still remain, the Court finds that good cause exists for continuing to stay part of the litigation. Specifically, the Court finds that deciding the Reserved Issues before resuming litigation will streamline this case. Additionally, the Court is cognizant that litigation can be financially burdensome on parties and thus finds no reason to lift the stay as to Defendants Sky Media, LLC, C.D. Video Manufacturing, Inc., Ingram Entertainment, Inc., and L&M Optical Disc West, LLC until these matters have been resolved. Thus, the stay shall be lifted as to Plaintiff and Defendants EPI, Pershes, and Koch/Entertainment One for the purpose of resolving the Reserved Issues.

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion to lift the stay.

### c. Permitting Discovery

Plaintiff requests the Court to issue an order requiring Defendants EPI, Pershes, and Koch/Entertainment One to produce documents that Plaintiff claims are relevant in deciding whether Koch/Entertainment One should be bound by the arbitration award. (ECF No. 101-1 at 10, 16–24; ECF No. 125 at 4–5.) Specifically, Plaintiff claims the documents are necessary to determine (1) whether Koch/Entertainment One and the involved attorneys were in communication, and (2) whether Koch/Entertainment One knew of the representation and arbitration proceeding. (ECF No. 101-1 at 16–24.)

Defendants EPI and Pershes oppose the production of documents sought by Plaintiff on the grounds that the request is premature and not properly before the Court at this time. (ECF No. 119 at 4.) EPI and Pershes argue Plaintiff should properly serve a discovery request before burdening the Court with discovery issues. (ECF No. 119 at 8.) Koch/Entertainment One also opposes the production of documents sought by Plaintiff on the

11

same grounds.  (ECF No. 120 at 3, 15–16.)

The Court agrees that Plaintiff's request is premature and not properly before the Court at this time.  Because the Court now lifts the stay as to Defendants EPI, Pershes, and Koch/Entertainment One, the Court refers this case to a United States magistrate judge so that the parties may set a schedule for discovery matters and participate in discovery, pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 302.  As such, the Court DENIES Plaintiff's request that the Court issue an order requiring Defendants EPI, Pershes, and Koch/Entertainment One to produce documents.

### d. Amending Defendant Koch/Entertainment One's Name

As to one final housekeeping matter, Plaintiff asks the Court to amend Koch/Entertainment One's Response (ECF No. 120) to reflect that the correct party is Entertainment One U.S. LP, which was formerly known as Koch Entertainment Distribution, LLC.  (ECF No. 101-1 at 10.)  Koch/Entertainment One has submitted documents confirming that Koch Entertainment Distribution, LLC is now named Entertainment One U.S. LP.  (*See* ECF No. 124 at ¶ 1; Koch/Entertainment One's Substitution of Counsel, ECF 96.)  Considering this, the Court agrees that Koch Entertainment Distribution, LLC's name is now Entertainment One U.S. LP.

Therefore, Plaintiff's request is GRANTED, and Koch/Entertainment One's appearance is hereby amended to reflect that Entertainment One U.S. LP is the proper party to this case. In order to avoid any confusion, the Court will continue to refer to the entity by both names—Koch/Entertainment One.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to confirm the Partial Final Award against EPI is GRANTED;
2. Plaintiff's request to lift the stay of proceedings as to Defendants EPI, Pershes, and Koch/Entertainment One is GRANTED; however, Plaintiff's request to lift

1    the stay of proceedings as to Defendants Sky Media, LLC, C.D. Video
2    Manufacturing, Inc., Ingram Entertainment, Inc., and L&M Optical Disc West,
3    LLC is DENIED;
4    3.  Plaintiff's request that the Court issue an order requiring Defendants EPI,
5    Pershes, and Koch/Entertainment One to produce documents is DENIED; and
6    4.  Plaintiff's request that Koch/Entertainment One's name be amended is
7    GRANTED.
8    IT IS SO ORDERED.
9    Dated:  November 6, 2014

Troy L. Nunley
United States District Judge